WR-40,339-08
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 6/12/2015 7:42:58 AM
Accepted 6/12/2015 8:04:43 AM
ABEL ACOSTA
CLERK

# IN THE TEXAS COURT OF CRIMINAL APPEALS

## AUSTIN, TEXAS

RECEIVED
COURT OF CRIMINAL APPEALS
6/12/2015
ABEL ACOSTA, CLERK

|  |  |
|---|---|
| ) | **No. WR-40,339-08** |
| **EX PARTE** ) | |
| **BRIAN DAVIS,** ) | |
| **APPLICANT** ) | |
| ) | |
| ) | |

## RESPONSE TO THE STATE'S MOTION TO DISMISS APPLICANT'S SUBSEQUENT APPLICATION FOR WRIT OF HABEAS CORPUS

## (THIS IS A CAPITAL CASE)

BRAD D. LEVENSON (No. 24073411)
Director, Office of Capital Writs
(E-Mail: Brad.Levenson@ocw.texas.gov)
JEREMY SCHEPERS (No. 24084578)
(E-Mail: Jeremy.Schepers@ocw.texas.gov)
Post-Conviction Attorney
Office of Capital Writs
1700 N. Congress Ave., Suite 460
Austin, Texas 78701
(512) 463-8600
(512) 463-8590 (fax)

Attorneys for Applicant

# IN THE TEXAS COURT OF CRIMINAL APPEALS

## AUSTIN, TEXAS

|  |  |  |
|---|---|---|
| **EX PARTE** | ) | **No. WR-40,339-08** |
| **BRIAN DAVIS,** | ) | |
| **APPLICANT** | ) | |
|  | ) | |
|  | ) | |
|  | ) | |

## RESPONSE TO THE STATE'S MOTION TO DISMISS APPLICANT'S SUBSEQUENT APPLICATION FOR WRIT OF HABEAS CORPUS

On May 7, 2015, Brian Davis ("Davis"), through his current counsel the Office of Capital Writs ("OCW"), filed a subsequent application for writ of habeas corpus. Davis presented three allegations: (1) that his 1992 conviction violated his right to due process when the State used false evidence to obtain it (Subsequent Application at 15-25); (2) that his 2011 punishment-only retrial death sentence violated his right to due process when the State used false evidence to obtain it (*id* at 25-29); and (3) that the State violated *Brady v. Maryland* by not disclosing exculpatory and impeachment evidence prior to his 2011 punishment-only retrial (*id.* at 30-34). All three allegations were based on the same new information, that Detective Charles Smith—the lead investigator into the underlying offense—provided contradictory information in a letter to the Texas Board of Pardons and Parole (the "Letter") as compared to his trial testimony. (*Id.* at 9-10.) Specifically, Smith stated in the Letter that Davis had confessed in exchange for his co-defendant, Tina McDonald, not facing prosecution in the case; that statement is contrasted by his testimony in both of Davis's prior trials that no such deal existed.

On June 5, 2015, the State filed a motion to dismiss Davis's subsequent application, in which it presented two arguments. First, that Davis's subsequent

1

application should be dismissed for failing to meet the requirements of Article 11.071, section Five, of the Texas Code of Criminal Procedure. (Mot. to Dismiss at 6-10.) And second, that Davis's subsequent application fails on the merits. (*Id.* at 10-24.) Davis disputes both positions advanced by the State.

## A. Davis's Subsequent Application Meets the Requirements From the Texas Code of Criminal Procedure, Article 11.071, Section 5(a)(1)

The State argued that Davis's subsequent application should be dismissed because Davis "could have obtained the 2004 letter prior to filing his 2012 initial application and could have presented his claim at that time." (Mot. to Dismiss at 6.) However, the State ignores the fact that it had a duty to turn over Smith's Letter prior to Davis's 2011 retrial, and now seeks to benefit from their prior violation of Davis's rights. Both Davis's current and former counsel took steps, prior to his 2011 retrial and the filing of his 2012 Initial Application, which should have resulted in access to the Letter. These steps included making specific requests for exculpatory and impeachment evidence and reviewing the Harris County District Attorney's Office case file. (Subsequent Application at 12-15.) Had the State disclosed the letter previously, as it was required to do, Davis would have raised these issues previously. The State cannot now fairly contend that, because it failed to turn over to Davis relevant exculpatory and impeachment evidence after appropriate requests were made, that these claims should now be defaulted.

The State's attempt to analogize Davis to the applicant in *Ex parte Sledge* is misguided. 391 S.W.3d 104 (Tex. Crim. App. 2013); (Mot. to Dismiss at 9-10.) As this Court noted in *Sledge*, "[a] new factual basis is one that could not have been discovered through the exercise of reasonable diligence before the date of the initial application. We have stated that reasonable diligence suggests at least some kind of inquiry has been made into the matter at issue." *Id.* at 106 (internal quotations and citations omitted). Davis's current and former counsel exercised reasonable

2

diligence and took steps that should have resulted in receiving Smith's Letter. Had the State appropriately responded to the prior requests, Davis would have had the Smith Letter even before the 2011 retrial. A more appropriate analogy is *Ex parte Miles*, in which the applicant did not receive the relevant information until submitting a Freedom of Information Act request after his initial application was filed, after the applicant had made previous requests that should have resulted in the disclosure of the relevant information. 359 S.W. 647, 658 (Tex. Crim. App. 2012). Similarly to the applicant in *Miles*, Davis's subsequent application should be determined to meet to requirements of Article 11.071, section Five because of his prior attempts to obtain the relevant information.

**B. Denying the Subsequent Application on the Merits Would Require this Court to Make Credibility Determinations that Fall Within the Province of the Trial Court**

Alternatively, the State requests that Davis's subsequent application be denied on the merits. The State describes the Letter Smith sent to the Parole Board as "inartful" and "incomplete so it gives a wrong impression." (Mot. to Dismiss at 18, 20.) The State has obtained an affidavit from Smith in which he states:

> In the letter, I said that "Davis agreed to confess to the crime in exchange for McDonald not facing prosecution." That sentence is true but it is incomplete so it gives a wrong impression. . . . I should have said that "Davis first agreed to confess to the crime in exchange for McDonald not facing prosecution, but no one would make him that promise and he ended up confessing without any promises being made to him."

(Aff. of Charles Smith at 2-3.) Smith's affidavit displays an attempt to re-interpret his statement in the Letter to the Parole Board to align with his previous testimony. This is impossible. In the Letter, Smith explicitly stated that Davis "agreed" to confess if McDonald would not be prosecuted. Davis could not have agreed to

3

something that did not exist, or was not offered; Smith's post-hoc attempt to reconcile the statement with his previous testimony fails, because it cannot be done.

Denying Davis's subsequent application on the merits would require this Court to make a credibility determination that it is not situated to do. This Court would need to weigh Smith's prior trial testimony, his letter to the Parole Board, and his current affidavit to determine which, if any, are accurate. Further, it would need to address the resulting impact on Davis's trial after Smith's credibility has been questioned. The correct method for such credibility determinations to occur is in the trial court, at an evidentiary hearing where Smith would be present and subjected to questioning. This Court is not positioned to make such a determination, and should instead remand the case to the trial court to address the claims raised.

Therefore, Davis asks that the three claims raised in his subsequent application be determined to have met the requirements of the Texas Code of Criminal Procedure, Article 11.071, section 5, and be remanded to the trial court for an evidentiary hearing.

Respectfully submitted,

DATED:     June 11, 2015          By: _____

                                          Brad Levenson

                                      _____

                                          Jeremy Schepers

4

# CERTIFICATE OF SERVICE

I, the undersigned, declare and certify that I have served the foregoing Response to the State's Motion to Dismiss Applicant's Subsequent Application for Writ of Habeas Corpus to:

Texas Court of Criminal Appeals
P.O. Box 112308
Austin, TX 78711

Harris County District Attorney
ATTN: Roe Wilson
Harris County Criminal Justice Center
1201 Franklin, Suite 600
Houston, TX 77002

Brian Davis
Polunsky Unit #999036
3872 FM 350 South
Livingston, Texas 77351

This certification is executed on June 11, 2015, at Austin, Texas. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Jeremy Schepers